JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-846 PA (FFMx) | Date | June 07, 2012 |
|---|---|---|---|
| Title | GB Inland Properties, LLC v. Kimberley Levay | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Kimberley Levay ("Defendant") on May 29, 2012. Plaintiff GB Inland Property's Complaint, filed in San Bernardino County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

This is the second time that Defendant has filed a Notice of Removal for the same complaint. Defendant's' first Notice of Removal was filed on March 16, 2012, and was assigned case number EDCV 12-394 PA (OPx). The Court remanded that case sua sponte on March 21, 2012, holding that Defendant's intent to raise a defense to the Complaint based on the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220, did not create federal question jurisdiction. Defendant filed the current Notice of Removal in an apparent attempt to cure the defect in the first Notice of Removal by alleging a different basis for the federal question jurisdiction. Specifically, Defendant claims that various federal statutes or regulations, such as the Real Estate Settlement Procedures Act and the Truth in Lending Act, provide bases for removal.

A second removal is permissible when made on new grounds arising from *subsequent pleadings or events*. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-846 PA (FFMx) | Date | June 07, 2012 |
|---|---|---|---|
| Title | GB Inland Properties, LLC v. Kimberley Levay | | |

Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) (noting that "a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64; see also Kirkbride v. Continental Cas. Co., 933 F.2d 729 (9th Cir. 1991) (allowing successive attempt at removal because defendant's petition was based on newly enacted legislation that gave defendant new removal rights).

Here, there has been no change in the nature of the case or relevant law, and there have not been any subsequent pleadings or papers which might provide a new and different basis for a second removal. The current Notice of Removal merely contains additional, conclusory allegations that federal statutes and regulations in existence at the time of her first petition govern her mortgage and thus provide bases for removal. These allegations are insufficient. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. As such, Defendant has impermissibly attempted to remove this action twice.

Accordingly, Defendant has failed to meet her burden of showing an adequate basis for this Court's jurisdiction over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the San Bernardino Superior Court, Case No. UDDS 1106324. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.